NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOCK HUAT YAP,<br><br>                Plaintiff-Appellant,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, trustee of J.P. Morgan<br>Acquisition Trust 2001-HE1, Asset Backed<br>Pass - Through Certificates, Series 2007-<br>HE1; et al.,<br><br>                Defendants-Appellees. | No. 19-15210<br><br>D.C. No. 4:17-cv-00229-RM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Hock Huat Yap appeals pro se from the district court's summary judgment

and dismissal orders in his action alleging federal and state law claims arising from

---

       [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. Accordingly, we deny appellant's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (summary judgment); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly granted summary judgment on Yap's claim alleging a violation of the Real Estate Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2605(k)(1)(D) because Yap failed to raise a genuine dispute of material fact as to whether he suffered actual damages from the defendants' allegedly inadequate responses to his request for information under § 2605. *See* 12 U.S.C. § 2605(k)(1)(D) (requiring servicers of federally related mortgages to respond within ten business days to a request from a borrower to provide contact information for the owner or assignee of the loan); § 2605(f)(1)(A) (limiting recovery to "actual damages" for noncompliance with the requirements of § 2605).

The district court properly dismissed Yap's claims under RESPA regulations and the Truth In Lending Act, and Yap's claim alleging a break in the chain of title, because Yap failed to allege facts sufficient to state a plausible claim for relief. *See* 15 U.S.C. § 1641(f)(2) (providing that upon written request by the borrower, the servicer must provide the borrower "with the name, address, and telephone number of the owner of the obligation or the master servicer"); 12

2                                                                    19-15210

C.F.R. § 1024.35 (discussing servicing error resolution procedures under RESPA); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)).

The district court did not abuse its discretion in denying Yap leave to amend to allege a claim under the Arizona Revised Statutes § 33-420 because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that the district court may deny leave to amend if amendment would be futile); *see also* Ariz. Rev. Stat. § 33-420(A) (prohibiting false recordation of an "interest in, or a lien or encumbrance against, real property"); *Sitton v. Deutsche Bank Nat. Tr. Co.*, 311 P.3d 237, 241 (Ariz. Ct. App. 2013) (explaining that an assignment of the deed of trust is covered by Ariz. Rev. Stat. § 33-420(A), and claims under Ariz. Rev. Stat. § 33-420(A) are governed by the general four-year statute of limitations).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All requests set forth in the opening brief are denied.

19-15210

Yap's motion to file a substitute or corrected reply brief (Docket Entry No. 42) is denied.

**AFFIRMED.**